McGuane, J.
This is an appeal resulting from the seller of certain real estate refusing to return to the buyer a deposit of $6,900.00 (fifty-nine hundred dollars).
The parties made the following stipulations to the Court:
1. On July 16, 1986 the parties executed a written Purchase and Sale Agreement that provided for the plaintiffs to sell and the defendants to buy property at 26 Baker Street, Lanesboro, Massachusetts.
2. The Agreement made the buyers’ obligations subject to a financing contingency by the terms of which the buyers were to notify the sellers in *189 writing within sixty (60) days of July 16, 1986 in the event that they were unable to obtain financing.
3. On August 19,1986, Berkshire County Savings Bank, the Bank to whom the sellers had made application for mortgage financing, notified the buyers that approval of mortgage financing would not be forthcoming unless provisions were made for the installation of a central heating system at 26 Baker Street. Both buyers and sellers were made fully aware of the fact that the bank was requiring a central heating system.
4. Negotiations between the parties, concerning a central heating system, ensued.
5. The sellers offered to install an electric central heating system that would have satisfied the Bank’s requirement. The buyers rejected that offer.
6. Further conversations between the seller Joel A. Less and the buyer Thomas J. Warren resulted in what each of them thought to be a verbal agreement concerning the installation of a gas central heating system. The seller, Joel A. Less, reduced his understanding of this verbal agreement to writing.
7. A meeting was held between the seller, Joel A. Less and the buyer, Thomas J. Warren. Upon review of the written version of the verbal agreement, Warren refused to sign it, feeling that it did not conform to the verbal understanding that had been earlier reached.
8. Sometime later, the seller proposed another agreement for the installation of a gas central heating system. With this proposal, they submitted an estimate from a gas heat system contractor/installer, which estimate purported to include all of the material components for such a system. The defendant buyers rejected that proposal.
Based on the stipulations the Court found for the buyer and the plaintiff appeals based on the denial by the Trial Judge of his request for rulings of law.
(1) “At the time of the buyer’s final rejection of the seller’s proposal for the installation of a gas central heating system, was there an operative and enforceable contract between the parties”.
The Trial Judge answered no to this request and his ruling was based on sufficient facts stipulated to by the parties. There was no prejudicial error on this ruling.
(2) On the basis of the foregoing facts, does the law require that the parties negotiate in good faith toward an agreement that would result in a successful purchase and sale?
The Court denied this request. It would seem that good faith is required, but in this case, the Trial Judge having found no enforceable contract the parties could not be forced to negotiate. There was no prejudicial error.
(3) On the basis of the foregoing facts and circumstances, on August 19, 1986 when the bank notified the buyers that approval of mortgage financing would not be forthcoming, unless provisions were made for the installation of a central heating system, does the law require the buyers to seek alternative financing that would allow them to purchase the property as it was originally shown to them.
The Trial Judge denied this request and rightly so. The buyers were not required to seek alternative financing.
The buyers made a good faith attempt at obtaining financing based on the Buy and Sell agreement. Because the property lacked central heating, financing was denied. It would have been a waste of time for the buyers to duplicate their efforts with other lenders.
*190 There being non prejudicial error on request number (3), the claim of report is dismissed.